CITY OF LE MARS v. IOWA FALLS & S. C. R. Co. *et al.*, (three cases.)

*(Circuit Court, D. Iowa. May, 1882.)*

**REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—CONDEMNATION PROCEEDINGS.**

A proceeding by a city to condemn certain lands, in which a citizen of the same state with plaintiff owns the fee, while a citizen of a different state holds a perpetual lease, is not a separable controversy when the main question is as to the right to condemn; and the non-resident defendant cannot remove his part of the controversy from the state to a federal court.

At Law. Proceeding to condemn lands. On motion to remand the cause to the state court.

*Barcroft & Gatch* and *G. W. Ayer*, for plaintiff.

*John F. Duncombe*, for Illinois Cent. R. Co.

McCRARY, J. This proceeding was instituted by the city of Le Mars in the state court for the purpose of condemning certain real estate within the corporate limits of the city for street purposes. The defendant the Iowa Falls & Sioux City Railroad Company is the owner of the fee of said real estate, and is, with the plaintiff, a citizen of Iowa. The defendant the Illinois Central Railroad Company is the owner of a perpetual lease upon said real estate, and, being a citizen of Illinois, has removed the case to this court, claiming that there is a controversy wholly between it and the plaintiff, which can be fully determined as between them. The record shows that the principal controversy is as to the right of the city to condemn and take this particular real estate for street purposes. A secondary controversy will arise, if the right of condemnation is upheld, as to the amount of damages to be awarded. It is plain that the city has a right to proceed to condemn land for street purposes against all who have an interest in it, and especially against the owner of the fee. If it were conceded that two separate suits could be maintained, the one against the owner of the fee, and the other against the lessee, it will scarcely be contended that the city could be obliged to divide its action in that way. The law looks with great disfavor upon any rule that will increase litigation by multiplying suits. It is now settled that so much of the act of 1866 (Rev. St. § 639) as expressly authorizes the splitting of a case, and the removal of a part of it to a federal court for trial, leaving another part in the state court, is repealed by the subsequent act of March, 1875. If any part of a suit is removed, the whole must be removed. The question remains to be determined, in what class of cases, if in any, can a cause be removed, where some of the parties litigant on opposite sides are citizens of the same state, and others are citizens of different states? The rules by which we are to be governed, so far as they have been settled by the supreme court of the United States, may be stated as follows:

1. If the parties to the suit can be placed on opposite sides of the real controversy, disregarding the mere form of the pleadings, so that all on one side are found to be citizens of different states from all on the other,

the cause may be removed under the first clause of the second section of the act of March 3, 1875. *Removal Cases*, 100 U. S. 457.

2. Where a suit embraces two distinct controversies, one of which is between citizens of different states, while the other is between citizens of the same state, if the former is a separable controversy which can be fully determined without the presence of the parties to the latter, then either of the parties to the former may, under the second clause of the above-mentioned section, remove the whole case. *Barney* v. *Latham*, 103 U. S. 205.

3. But congress has not provided for the removal from a state court of a suit in which there is a controversy not wholly between citizens of different states, and to the full or final determination of which one of the indispensable parties, plaintiffs or defendants, on the side seeking the removal, is a citizen of the same state with one or more of the parties against whom the removal is asked. *Blake* v. *McKim*, 103 U. S. 336.

4. To authorize a removal under the first clause of the section above mentioned, all the parties on one side of the controversy must be citizens of different states from all the parties on the other; and, to authorize a removal under the second clause of that section, there must exist in the suit a separate and distinct cause of action, in respect to which all the necessary parties on one side are citizens of different states from those on another. *Hyde* v. *Ruble*, 104 U. S. 407, (January, 1882.)

We are therefore to determine in each case whether the controversy arising between citizens of different states is a distinct and separate cause of action. No general rule for determining this question has been laid down by the supreme court; and it would, perhaps, be difficult to formulate one that would be applicable to all cases. In the present case the plaintiff brought suit against two defendants, one of which is a citizen of the same state with plaintiff. The cause of action is against both; the proof must be precisely the same as to both, and the judgment, in so far as it establishes the right of condemnation, must be against both. Each might have a separate claim for damages; but that is a subordinate controversy, and one which cannot be considered until the main question is determined. Until otherwise instructed by the supreme court, this court will hold that in such a case the plaintiff cannot be obliged to litigate with both or either of the defendants in a federal court. The cause of action against one of the defendants is not separate and distinct from that against the other. The controversy is single, and not divisible, within the meaning of the rule laid down by the supreme court. If a party brings a suit in a state court against two or more defendants, upon a cause of action of such a character that he has a right to proceed to judgment against all, and where the same proof applies to all, it is not a divisible or separable controversy. It follows that the motion to remand must be sustained, and it is so ordered. This ruling applies to two other cases between the same parties, in which similar motions have been submitted.