GOLDEN v. BRUNING et al.

(Circuit Court, D. Indiana. February 12, 1896.)

No. 9,280.

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

G., as administrator of J. F. B., deceased, brought a suit in a court of the state of Indiana against W. H. B., a citizen of New York, and C., a citizen of Indiana, for an accounting of the affairs of a partnership composed of J. F. B. and W. H. B., the assets of which were alleged to consist in part of real estate purchased for partnership purposes. It was averred that such real estate was originally conveyed to C., who held it in trust for the firm for a time, and then conveyed it to her mother, who held it in trust for the firm until she died, intestate, leaving C., J. F. B., and W. H. B. as her heirs; and that, after her death, C. and J. F. B. conveyed their interests to W. H. B., in trust for the firm; but that both C. and W. H. B., respectively, claimed the land as their individual property, C. claiming that the deeds made by her were procured by the fraud of W. H. B. *Held*, that C. was a necessary party to the suit, and there was no separable controversy between the plaintiff and W. H. B. which could be removed to the federal court.

McCullough & Spaan, for complainant.
Smith & Korbly and Miller, Winter & Elam, for defendants.

BAKER, District Judge. On June 27, 1895, the complainant, John M. Golden, administrator of the estate of John F. Bruning, deceased, filed his bill in equity in the circuit court of the county of Jefferson, in the state of Indiana, for an accounting and settlement of the affairs of a partnership alleged to have existed between the decedent, in his lifetime, and William H. Bruning, under the firm name and style of John F. Bruning & Co. Clara Copeland and her husband, William M. Copeland, are made parties defendant with William H. Bruning, to reach the entire assets of the firm, and to have a full and final accounting of the partnership affairs. The complaint avers that, at the time of the death of John F. Bruning, the firm, which had been engaged in the mercantile business, was the owner of a large amount of assets consisting of personal property and choses in action, of the value of $150,000, and of two certain parcels of real estate, of the aggregate value of $30,000. It is further averred that one parcel of the real estate, of the value of $20,000, was purchased by the firm with partnership assets for the use of the firm in the conduct of its business, and that it was so used from the time of its purchase until the termination of the partnership, and has continued to be so used by William H. Bruning, as surviving partner, ever since; that, at the time said real estate was so purchased, it was conveyed to Clara Copeland, in trust for the use and benefit of the firm; that she continued to hold the title thereto in trust as aforesaid until February 26, 1885, when, by deed, she conveyed the same to her mother, Catherine A. Bruning, who held the same in trust for the firm until November 21, 1889, when she died intestate, at Jefferson county, Ind., leaving, as her only heirs, John F. Bruning, since deceased, William H. Bruning, and Clara Copeland; that, since her death, John F. Bruning and Clara Copeland have, respectively, conveyed any interest they might have in said real estate to William H. Bruning, in trust to hold the same for the use and benefit of the partnership; that Clara Copeland claims she is the individual owner in fee simple of said real estate, under the deed executed to her therefor, as sole grantee therein, and that, by the fraud and coercion of William H. Bruning, the conveyance from her to her mother was procured, and that likewise, by his fraud and coercion, the respective deeds from her and her father were procured, and therefore Clara Copeland and her husband are made parties defendant, that she may answer as to her interest in said real estate. It is further averred that William H. Bruning claims to be the sole owner of all of said partnership assets and property, and has converted the same to his own use. The defendant William H. Bruning, who is a citizen of the state of New York, filed his petition in the state court to procure the removal of the suit into this court, on the ground that Clara Copeland, who is a citizen of the state of Indiana, was joined as a party defendant in bad faith, and to prevent a removal, and on the further ground that the cause of action is separable, and can be fully tried and determined without her presence as a party defendant. The cause having been removed, the complainant now moves the court to remand the same to the circuit court of Jefferson county, Ind.

The averments in the petition that Clara Copeland was wrongfully joined as a defendant, to avoid a removal, can be of no avail in this court, upon a motion to remand, until they are proved; and, so far as the record before me discloses, the proof to support such claim is wholly insufficient, and, besides, it is clearly contradicted by opposing proof. The removal, therefore, cannot be supported on the ground that she was wrongfully made a defendant to retain the case in the state court.

It is not easy to deduce from the decisions a general rule on the subject of parties in equity which is concise, and yet sufficiently comprehensive to meet every case. While courts of law require no more than that the persons directly and immediately interested in the subject-matter of the action, and whose interests are of a strictly legal nature, should be parties to it, "it is a general rule in equity that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, are to be made parties to it, either as plaintiffs or as defendants, so that there may be a complete decree which shall bind them all." Story, Eq. Pl. (10th Ed.) § 72; Gregory v. Stetson, 133 U. S. 586, 10 Sup. Ct. 422; Sedgwick v. Cleveland, 7 Paige, 287. "The general rule, undoubtedly, is that all persons materially interested in the result of a suit ought to be made parties, so that the court may finally determine the entire controversy, and do complete justice by adjudging all the rights involved in it." Vetterlein v. Barnes, 124 U. S. 169, 171, 172, 8 Sup. Ct. 441; Story v. Livingston, 13 Pet. 359, 375; Shields v. Barrow, 17 How. 130, 139. It is not indispensable that all the parties should have an interest in all the matters contained in the suit; it will be sufficient if each party has an interest in some material matters in the suit, and they are connected with the others. Brown v. Safe-Deposit Co., 128 U. S. 403, 412, 9 Sup. Ct. 127; Addison v. Walker, 4 Younge & C. Exch. 442; Parr v. Attorney General, 8 Clark & F. 409, 435; Worthy v. Johnson, 8 Ga. 236. It is at once apparent that the only way in which the complainant, as administrator of the estate of the decedent, can reach all of the partnership assets and have a complete and final accounting and settlement thereof, is by a suit in equity to which all persons claiming an adverse interest in any material part of such partnership assets are made parties defendant. In a suit to which William H. Bruning alone was made a party defendant, the question whether the real estate claimed by him as well as by Clara Copeland is partnership assets could not be finally and completely determined. In reference to this real estate, the claim of the complainant against each of the defendants is the same, and that claim is that the real estate in question constitutes a part of the partnership assets of the late firm of John F. Bruning & Co. That question cannot be fully and finally determined in a suit to which William H. Bruning alone is a party defendant. That part of the controversy involved in the suit in which Clara Copeland asserts that the real estate in question is not partnership assets, but is her individual property, would be left wholly undetermined, and its settlement would require a suit between her and the complainant, involving the same question as that involved in the suit

between William H. Bruning and the complainant, namely, is said real estate partnership property?

In Torrence v. Shedd, 144 U. S. 527, 530, 12 Sup. Ct. 726, the supreme court said:

"But, in order to justify such removal on the ground of a separate controversy between citizens of different states, there must, by the very terms of the statute, be a controversy which can be fully determined as between them; and, by the settled construction of this section, the whole subject-matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit."

And the court further said:

"A defendant has no right to say that an action shall be several which a plaintiff elects to be joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings."

One of the material matters in controversy is whether or not the real estate in question is a partnership asset, as alleged in the complainant's bill of complaint. It is averred that both defendants deny this, and this denial presents a controversy which the complainant cannot have fully determined without the presence of both of these adverse claimants, although they controvert his right thereto on different grounds. When the statute speaks of a separate controversy between citizens of different states which can be fully determined as between them, it must mean that the whole cause of action disclosed in the pleadings of the plaintiff can be fully determined as between him and the removing party, without the presence of other parties. It does not contemplate the splitting up into different parts of a cause of action which the plaintiff is entitled to prosecute as a single suit, simply because a part of the cause might be fully determined as between the parties before the court, leaving the other part to be determined in another independent suit. In re Jarnecke Ditch, 69 Fed. 161, and cases there cited.

Testing the complaint by these principles, it follows that a material part of the subject-matter in controversy involves only a single cause of action against both defendants. The case of Shainwald v. Lewis. 108 U. S. 158, 2 Sup. Ct. 385, is much in point.

Remanded, at the cost of the petitioner.