SUGAR CREEK, P. B. & P. C. R. CO. v. McKELL et al.

McKELL v. SUGAR CREEK, P. B. & P. C. R. CO.

(Circuit Court, D. West Virginia. May 28, 1896.)

1. REMOVAL OF CAUSES—CONDEMNATION PROCEEDINGS—DIVERSE CITIZENSHIP.
A proceeding the object and purpose of which is to enforce, between parties, a right to condemn lands, under the constitution and laws of a state, is a suit which may be removed to a federal court, when the parties are citizens of different states.

2. SAME—SEPARABLE CONTROVERSY.
Where an application is made, under state laws, to condemn a portion of a large tract of land, the whole of which is owned in fee by a defendant, who is a citizen of another state than the applicant's, and a small part of which, including some of the land sought to be condemned, has been leased by him to another defendant, who is a citizen of the same state as the applicant, there is a separable controversy between the applicant and such first-named defendant as to the land not leased, which can be removed to a federal court, on the ground of diverse citizenship.

St. Clair & Gaines, for the railroad company.
Brown, Jackson & Knight, for McKell and others.

JACKSON, District Judge. These cases are heard upon a motion to remand them to the state court. The application for the removal in the condemnation case was made in conformity to the statute, as is shown by the record, and is in fact conceded by counsel who make the motion to remand.

Two points are relied upon to support the motion to remand. First, that the trial of the right to condemn is only cognizable in courts of the state under whose laws and within whose boundaries proceedings are had, and that the courts of the United States are without jurisdiction; second, that a part of the defendants in the condemnation proceedings are citizens of the same state as the applicant, and that there is no separable controversy as to them.

As to the first point relied upon by counsel, that the federal court is without jurisdiction in this class of cases, I am clearly of the opinion that the question has been repeatedly well settled. This is a suit between the applicant, on the one side, and the defendants, on the other, in which is involved the right of the applicant to condemn lands, under the constitution and laws of the state, for a public purpose. It is in no sense an ex parte application; and, under the constitution and law of the state, a right is given to any one who desires to make application for the condemnation of land under the statute, and to enforce it. This proceeding, the object and purpose of which are to enforce this right between parties, has all the characteristics of a suit, and may be removed from a state to a federal court. Such I hold to be the law in this case, and there-

fore the first position is not well taken.    Mineral Range R. Co. v. Detroit & L. S. Copper Co., 25 Fed. 515; Union Pac. Ry. Co. v. Kansas City, 115 U. S. 1–18, 5 Sup. Ct. 1113; Boom Co. v. Patterson, 98 U. S. 403; Searl v. School Dist., 124 U. S. 197, 8 Sup. Ct. 460.

As to the second point, it is claimed that some of the defendants in the proceeding are citizens of the same state as the applicant. The petition discloses that Thomas G. McKell, one of the defendants, is the only owner of the land, so far as is known, and that he holds the title in fee.    It is also claimed that McKell and his wife had executed a lease to one McDonald, for a portion of the land proposed to be taken, with the power and authority to organize a joint-stock company to lease said land to said company when so formed.    It appears that McDonald has organized, under the terms and provisions of the state laws, the McDonald Colliery Company; but there is no evidence of its existence, so far as the records of the county disclose in which the land lies, of either of the lease to McDonald or McDonald's lease to the McDonald Colliery Company.    It further appears that the defendants McDonald and the McDonald Colliery Company were only tenants at will of the defendant McKell to a very small portion of the land sought to be taken, and that the defendant McKell is the owner of a large tract of land, a small portion of which the applicant desires to condemn, as well as a part of that portion leased by McKell to the colliery company. It is apparent that, McKell being the owner in fee to the whole tract, subject only to a lease for a small portion of it to the colliery company, there is a separable controversy as between the applicant and McKell as to the land not leased by him to the colliery company.    As to that portion, he is in the actual possession of it, exercising exclusive control over it, the colliery company having no interest of any kind whatever in it.

It is suggested that, the defendant the McDonald Colliery Company being also a corporation created under the laws of the state of West Virginia, the joining of that defendant in the proceedings of the applicant defeats the jurisdiction of the court.    To sustain this position, the applicant's counsel have cited the case of City of Bellaire v. Baltimore & O. R. Co., 146 U. S. 117, 13 Sup. Ct. 16.    A close examination of that case will show that the two cases are very different.    In that case the fee to the land to be condemned was owned by one of the defendants, who was a citizen of the same state as the applicant, all of which was under lease to the co-defendant, who sought to remove the case.    The court held that the fact that the defendant had distinct interest in the single tract of land, which was sought to be condemned, the interest of one being the lease of the whole lot, and the interest of the other being the reversion of the whole lot, did not introduce a separable controversy into the case, and the case was therefore not removed.    The question presented here, I think, is different.    Here the applicant seeks to condemn, not only the land of McKell, who is a nonresident, but the land of the McDonald Colliery Company, a citizen of the same state with the applicant.    There can be no question that, as between McKell and the applicant, there is a separable controversy,

which is wholly a controversy between him and the applicant, and that this separable controversy is wholly between citizens of different states, and, as to the applicant and McKell, can be fully heard and determined as between them in the circuit court of the United States for this district, under the act of 1887, as amended in 1888, which is the same as the act of 1875, except that the plaintiff may not remove under the act of 1887 as he might do under the act of 1875. The act of 1887 provides that where a controversy exists wholly between citizens of different states, which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district. Here is a separable controversy in this case. If is a controversy between the railroad company and McKell, the defendant, who is the exclusive owner in fee of a large tract of land, which is sought to be condemned for the purposes of the railroad. The co-defendant, as to that portion of this land not leased, has no interest in it. In the view I take of this case, the defendant McKell, who is a citizen of Ohio, has a separate and distinct controversy, which can be wholly and fully determined as between him and the plaintiff in this action, and is therefore entitled to remove and carry the whole case into the courts of the United States. In the case of City of Bellaire v. Baltimore & O. R. Co., cited above, the motion to remand was based upon the ground that there did not exist a separable controversy between the railroad company and the city of Bellaire. In that case the Baltimore & Ohio Railroad Company was the lessee of the Central Ohio Railroad Company, claiming the same piece of land; and the controversy was not a separable controversy between the Baltimore & Ohio Railroad Company and the city of Bellaire, but it was a controversy between the Baltimore & Ohio Railroad Company, on the one side, with its co-defendant, the Central Ohio Railroad Company, which was a citizen of the same state as the plaintiff in the action, the city of Bellaire. In the case of Union Pac. Ry. Co. v. Kansas City, 115 U. S. 1–18, 5 Sup. Ct. 1113, relied upon by the Baltimore & Ohio Railroad Company to support its petition for removal of the case referred to, the supreme court held that it did not support the position of the railroad company for the reason that there was an application to condemn several different and distinct lots of land, which were owned by different persons. As we have seen, the controversy here is between the applicant and McKell, as to one of the tracts of land in which the McDonald Colliery Company has no interest whatever, and whatever judgment the court should enter as to that tract of land in no wise affected the rights and interests of the McDonald Colliery Company.

For the reasons assigned, I am of the opinion that a separable controversy exists between the applicant in this case and McKell, and, under the act of congress, this case is removable into the circuit court of the United States. Union Pac. Ry. Co. v. Kansas City, 115 U. S. 1, 5 Sup. Ct. 1113. The motion to remand is overruled.