PERKINS et al. v. LAKE SUPERIOR & S. E. RY. CO.

(Circuit Court, W. D. Wisconsin. November 4. 1905.)

No. 120.

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—CONDEMNATION PROCEEDINGS.

In a condemnation proceeding instituted by a railroad company, under Rev. St. Wis. 1898, § 1845 et seq., by the filing of a petition in a circuit court of the state against numerous property owners, upon which the statute provides for a hearing as to petitioner's right to condemn, and, if such right is sustained, for the appointment of a commission, which, on request of the company or the owner, shall appraise any piece of the property described, from which appraisal an appeal may be taken to the court, and tried to a jury as in ordinary law actions, there is a single controversy only presented as to the right to condemn, to be determined between the petitioner, on one side, and all of the parties joined as defendants, on the other; and the mere fact that a defendant is the owner of part of the lands sought to be taken in severalty does not create a separable controversy between him and the petitioner, which entitles him to remove the proceeding into a federal court on the ground of diversity of citizenship.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, §§ 94–103.

Separable controversy ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

On Motion to Remand to State Court.

Louis Hanitch, for petitioners.

Charles M. Morris and Luse, Powell, De Forest & Luse, for respondent.

SANBORN, District Judge. The railway company commenced condemnation proceedings in the state circuit court for Douglas county to acquire certain tracts of land for right of way, yards, depot grounds, and station grounds for its railroad. The original petition for condemnation was filed March 20, 1905. Afterwards the railway company obtained, by agreement with the owners, a part of the lands sought to be taken by its original petition, and discovered certain errors and subsequent changes of ownerships and interests as to other parcels sought to be taken, and on the 18th day of September, 1905, filed a supplemental petition, seeking to acquire right of way, depot grounds, etc., in and upon 119 separate tracts of land. An order was made on the same day for a hearing upon the original and supplemental petitions October 9, 1905, and that notice of the pendency of the proceedings be given by publication, as required by the statute. The petition for condemnation described the parcels of land over and upon which it desired to take its right of way, depot grounds, etc., and also stated the separate ownership of each piece, giving the names of the persons owning or interested in the property, and the names of mortgagees and owners of leases thereon. Accompanying the petition were maps showing that the company desired to take a strip of land about 4 miles long, 60 feet in width east of its station grounds, and 45 feet wide west of the station grounds; such station grounds being located in the center part of the 4-mile strip, and consisting of 3 blocks bounded on all sides by streets. Prior to the time for the hearing, and on October 7, 1905, Charles E. Perkins and Mary Perkins, alleging themselves to be the owners of certain lots in the center block of the three blocks sought to be taken for depot grounds, and being also alleged in the petition to be the owners of said lots, filed in the state court their petition for the removal of the condemnation proceedings to this court, alleging in their petition that they were the sole owners and parties interested in said lots; that said lots were worth more than $5,000; that they were at the time of the beginning of the proceedings, and still were, citizens and residents of the state of Iowa; and that the railway company was at the time of bringing the proceedings, and ever since, a corporation organized and existing under the laws of the state of Wisconsin, and a citizen and resident of said state. They further alleged that there was in said proceeding a separable controversy between them and said railway company, which could be fully determined as between them. They also offered the usual bond on removal, which bond was accepted and approved by the state court October 7, 1905. No formal order of removal was made by the state court, but the proceedings were certified to this court, and the cause was docketed therein October 28, 1905, and on the same day the railway company appeared in this court, and filed its motion to remand the cause, on the ground that there was no separable controversy, and the matter was argued by counsel for the respective parties on that day.

The statute of Wisconsin provides that any railroad corporation may acquire any real estate which it shall be authorized to take for the purpose of its organization. For such purpose it may file a petition praying for the appointment of commissioners by the circuit

court of the proper county. If the real estate is desired for station or building grounds or yards, and not for part of its main track, the petition must state that the corporation is duly incorporated; a description of the real estate sought to be acquired; that the same is required for the purpose of operating the road; that it is its intention in good faith to use it therefor; the names of the owners and parties interested in the real estate; and such other facts touching the same as shall be deemed fit. If the real estate is desired for the main line, or in part for the main line and in part for station or building grounds, yards, or other purposes, the petition must state that the corporation is duly incorporated; that it is its intention in good faith to construct the road; that it has surveyed its route over the lands sought to be acquired for its main line, and has actually staked out the center line of its proposed road over the grounds desired for the main line, and shall contain a description of the lands across which the line has been so staked; and, in case a greater width than 100 feet shall be desired to be taken across any tract, it shall specify the width desired, and reasons therefor, and shall contain a description of the land sought to be acquired for depot, station, or building grounds, or other purposes of the corporation; that the route has been located by its board of directors upon the line so staked out; that the real estate so described is required for the purpose of constructing and operating the railroad; the names of the parties who own and occupy the real estate, and, if any are infants, their ages, as nearly as may be, and, if any are persons of unsound mind or unknown, such facts should be stated, with such other facts as shall be deemed fit. A map is to be annexed to the petition, showing the route of the road, and the lands desired to be taken for right of way and for depots, stations, building grounds, yards, and other grounds. The petition filed in the state court complies with these requirements, and it appears therefrom that the three blocks desired to be taken for station grounds are more than 100 feet in width.

The statute further provides for the appointment of commissioners to appraise the damages and appraise the value of the land sought to be taken for the railroad and station grounds, and that, whenever requested in writing by the corporation or any person interested in any tract of land described in the petition, but not otherwise, the commissioners shall proceed to perform their duties in respect to the land mentioned in such request, upon notice being given to all parties interested of the meeting of the commissioners.

The statute further provides that on presenting the petition to the court with proof of publication of the notice, any person whose estates or interests are to be affected by the proceedings may show cause against the granting of the prayer of the petition, and the court shall hear the parties interested, and shall determine whether the corporation is entitled to take the whole or any part of the land sought to be acquired; and, if no sufficient cause is shown against granting the prayer of the petition, the court shall make an order appointing commissioners. Sections 1845–1848, Rev. St. 1898.

It is further provided by statute that, within 30 days after filing the report of the commissioners in the office of the clerk of the

circuit court, any party may appeal to such circuit court from any award made by the commissioners by filing in the office of the clerk a written notice of appeal, and, upon his receiving such notice, the appeal shall be considered an action pending in court, subject to change of the place of trial and appeal to the Supreme Court, as in other actions. Such appeal is to be tried by jury unless a jury trial is waived. Section 1849, Rev. St. 1898.

It will be seen from the statutes quoted that two controversies are or may be presented for determination. In the first place, the question of the right of the corporation to take the lands may be presented by any party interested showing cause before the circuit court against the prayer of the petition. If the court finds against the petition, the proceedings end at this point; but if the court decides that the corporation is entitled to take the lands desired, commissioners are then appointed, who may be set in motion by the petitioner or any party interested. The sole jurisdiction of the commissioners consists in appraising the value of the land taken and filing their report.

The petition for removal of this proceeding was filed before the day set by the court for the hearing of the preliminary question of the right of the corporation to take the land, and it is insisted in favor of the removal that the separate ownership of petitioners of the lots in question sought to be taken for station grounds makes the controversy a separable one in respect to the right of the corporation to take the lands, and that the whole proceeding against all of the owners of the lands covered by the four-mile strip has been removed to this court by the docketing of the cause. On the other side, it is contended that there is but one controversy as to all of the owners of lands affected, which concerns the right of the corporation to take the strip sought to be acquired by it for right of way and depot grounds, and that no separable controversy exists. The precise question presented is whether, in a condemnation proceeding involving a number of distinct tracts of land in several ownership, there is a separable controversy between the owner in severalty of one tract and the corporation, or whether a single controversy exists between the corporation on the one side and the owners in severalty of all the tracts described in the petition for condemnation.

The statute is silent as to the joinder of parties defendant in condemnation proceedings. The practice in joining a large number of tracts and owners in severalty in one proceeding has been common in this state, and such practice was indirectly approved in the case of Larson v. Superior Short Line R. Co., 64 Wis. 59, 24 N. W. 487, where four owners in severalty of lands, a part of which was sought to be taken for a railroad, joined in an appeal from the award of commissioners, stating that each one separately appealed from the award. It was held that the joinder of the appellants was proper. It is also stated in the article on Eminent Domain by Mr. Rapalje in the American & English Encyclopedia of Law (7 Ency. Pl. & Pr. 503) that if the local statute is silent upon the subject, or of doubtful interpretation, the weight of authority favors the joinder in one proceeding of all parties in interest. The cases cited in support of this conclusion are mainly, if not wholly, cases of divided ownership of

the same parcel, like the ownership of tenants in common, lessor and lessee, etc. Mr. Lewis, in his work on Eminent Domain, lays down the same rule.

I think the proceeding must be treated as a joint one, at the election of the railroad company, in respect to the question of the right of the corporation to take the lands, and as several in respect to the question of the right of each one to compensation; although the Larson Case, above cited, would tend to indicate that the whole proceeding as to both questions is a joint and several one in respect to compensation. As I construe the Larson Case, the appeals were regarded as separate and distinct appeals, in which separate trials as to each appellant would be had.

It seems to me quite clear that the question of the right of the corporation to take the land must be regarded as presenting a single controversy, in which the railroad company is the plaintiff, and all the owners of separate and distinct parcels whom it elects to join are defendants. This question was not presented in the late case of Madisonville Traction Company v. St. Bernard Mining Company, 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462, where a petition for condemnation was filed by the traction company against a single defendant. It was held that removal to the federal court, attempted to be made in that case, should have been made by the state court, and that it lost jurisdiction upon the filing of the proper petition and bond; the proceedings being held to be judicial in their character, and that the United States courts have jurisdiction to determine all questions relating to the right of eminent domain.

It appears from the authorities on the question of separable controversy that, in order that such controversy exist, the whole subject-matter of the suit must be capable of being finally determined as between the parties on each side, and complete relief afforded as to the separate cause of action, without the presence of other parties originally brought in. Torrence v. Shedd, 144 U. S. 527, 530, 12 Sup. Ct. 726, 36 L. Ed. 528; Miller v. Clifford, 133 Fed. 880, 67 C. C. A. 52; Hanrick v. Hanrick, 153 U. S. 192, 14 Sup. Ct. 835, 38 L. Ed. 685; Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122; Fraser v. Jennison, 106 U. S. 194, 1 Sup. Ct. 171, 27 L. Ed. 131.

In Golden v. Bruning (C. C.) 72 Fed. 2, Judge Baker of this Circuit says:

"When the statute speaks of a separate controversy between citizens of different states, which can be fully determined as between them, it must mean that the whole cause of action disclosed in the pleadings of the plaintiff can be fully determined as between him and the removing party without the presence of other parties. It does not contemplate the splitting up into different parts of a cause of action which the plaintiff is entitled to prosecute as a single suit, simply because a part of the cause might be fully determined as between the parties before the court, leaving the other part to be determined in another independent suit."

Proceedings for condemnation of land for a ditch do not present any separable controversy as between the owner of any particular tract and a municipality seeking to condemn. In re Jarnecke Ditch (C. C.) 69 Fed. 161. The same rule was held in City of Le Mars v.

Iowa Falls, etc., Ry. Co. (C. C.) 48 Fed. 661, in respect to condemnation proceedings brought by a city to condemn real estate for street purposes.

I have carefully examined the cases cited in the elaborate briefs presented in favor of the removal, and I am convinced that the question of the right of a corporation to take the land desired for its railroad and station grounds presents a single controversy, in which all the parties joined as defendants or respondents are jointly interested, and that the mere fact that the petitioners for removal are the owners in severalty of a part of the lots sought to be taken as station grounds does not create a separable controversy between them and the railway company.

In City of Chicago v. Hutchinson (C. C.) 11 Biss. 484, 15 Fed. 129, Judge Drummond held that a proceeding to widen a street, commenced against a large number of owners in severalty, constituted a separable controversy as to each owner in respect only to the amount of the award of benefits and damages. The case was reargued before Judges Drummond and Blodgett, and the rule affirmed by them. The case was distinguished by Judge Seaman in Re City of Chicago (C. C.) 64 Fed. 897, where it was held that assessment proceedings for municipal sewer improvements, in which the district to be assessed is determined by a commission, do not constitute a "suit," within the removal acts, and that no separable controversy exists in such a proceeding.

In The Pacific Railroad Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113, 29 L. Ed. 319, it was held that the question whether a city was entitled to lay out a street across the depot grounds of a railroad company presents a separable controversy as between city and company.

All the above casess were commented on and distinguished in the Jarnecke Ditch Case (C. C.) 69 Fed. 161, 165, above referred to. They are instructive, but not decisive, on the question here presented. It may well be that the right of a city to lay out a street over station grounds presents a question entirely different from the question between the city and other owners.

The motion to remand is granted.