OROVILLE & N. R. CO. v. LEGGETT et al.

(Circuit Court, N. D. California. May 21, 1908.)

No. 14,602.

1. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.
The question whether there is a separable controversy warranting a removal of a cause must be determined by the state of the pleadings and the record of the case at the time of the application for removal, and not by the allegations of the petition therefor, or the subsequent proceedings which may be had in the Circuit Court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 115.

Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Min. Co., 35 C. C. A. 155.]

2. SAME—CONDEMNATION PROCEEDINGS—OWNERS OF SEPARATE INTERESTS IN SAME PROPERTY.
An action in a state court to condemn right of way over a tract of land, the fee of which is owned by a defendant who is a citizen of the same state as plaintiff, does not involve a separable controversy between plaintiff and a nonresident defendant, joined as having a leasehold interest in all or a part of the tract, which entitles the latter to remove the cause into a federal court, although he may be entitled to a separate award of compensation covering his interest.

On Motion to Remand to State Court.

Wm. H. Devlin, for plaintiff.

Roger Johnson, for defendant Nevada Gold Dredging Company.

W. E. Duncan, Jr., for defendant James H. Leggett.

A. F. Jones, for defendants Bank of Rideout, Smith & Co. and Boston & California Dredging Company.

FARRINGTON, District Judge. This action was brought in the superior court of the state of California for Butte county by Oroville & Nelson Railroad Company, a California corporation, against James H. Leggett, Boston & California Dredging Company, a Maine corporation, Nevada Gold Dredging Company, a Nevada corporation, Valley Contracting Company, a California corporation, Bank of Rideout, Smith & Co., a California corporation, John Doe, Richard Roe, James Brown, and Peter Smith. The object of the suit is to condemn and appropriate for railroad purposes a strip of land situated in Butte county, Cal. On petition of the Nevada Gold Dredging Company the cause was removed to this court November 4, 1907, on the ground that it presents a separable controversy between that defendant and plaintiff. The defendant Leggett now moves to remand the case, because, as he contends, it involves no such controversy. The motion is resisted, not only by the dredging company, but also by plaintiff. No answer has been filed.

This court has no jurisdiction on the ground of diverse citizenship, because plaintiff and several of the defendants are citizens of the same state. It is not pretended that a federal question is involved, and therefore the jurisdiction of this court depends upon the existence of a separable controversy between plaintiff and the said dredg-

ing company. It has been held repeatedly that, in determining the existence of such a controversy, the court will look only to the record as it stood in the state court at the time the petition for removal was filed. "The cause of the action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings." Alabama So. Ry. Co. v. Thompson, 200 U. S. 206, 215, 26 Sup. Ct. 161, 163, 50 L. Ed. 441. "The question whether there is a separable controversy warranting a removal to the Circuit Court of the United States must be determined by the state of the pleadings and the record of the case at the time of the application for removal, and not by the allegations of the petition therefor, or the subsequent proceedings which may be had in the Circuit Court." Wilson v. Oswego Township, 151 U. S. 56, 66, 14 Sup. Ct. 259, 263, 38 L. Ed. 70; Thomas v. Great Northern Ry. Co., 147 Fed. 83, 85, 77 C. C. A. 255; Offner v. Chicago, E. & R. Co., 148 Fed. 201, 202, 78 C. C. A. 359; Shane v. Butte Electric Ry. Co. (C. C.) 150 Fed. 801; Moon on Removal of Causes, § 141, p. 402.

It is averred in the complaint:

"That plaintiff is informed and believes, and therefore alleges, that the defendant James H. Leggett claims to own and is the owner of the tract of land hereinbefore particularly described, and also the larger tract of which it is a part; that each of the defendants Boston & California Dredging Company, Valley Contracting Company, and Nevada Gold Dredging Company claims an interest or estate in said tract of land * * * and in said larger tract of which it is a part as lessees of said defendant James H. Leggett."

The defendant Bank of Rideout, Smith & Co. holds a mortgage on said strip of land and on the larger tract of which it is a part. The remaining defendants claim interests in the land in question, the nature and extent of which are unknown to plaintiff.

That portion of the removal section of the judiciary act which is pertinent reads as follows:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district." 4 Fed. St. Ann. p. 312.

The controversy between citizens of different states which is contemplated by this act is one "which can be fully determined as between them." "By the settled construction of this section, the whole subject-matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit." Torrence v. Shedd, 144 U. S. 527, 530, 12 Sup. Ct. 726, 727, 36 L. Ed. 528. This is especially true where the complaint presents but a single cause of action.

In the present case, the complaint simply shows that the land sought to be condemned is one tract all owned by defendant Leggett, that three of the defendants have leasehold interests therein, and that one has a mortgage lien thereon. The interest of each lessee and of the mortgagee may constitute a separate and distinct estate which will

justify, and ultimately demand, a separate and distinct award; but, nevertheless, the object of the suit is to condemn the entire tract. There is but a single cause of action. The relief sought against the leaseholders and the bank is but an incident to the main issue, and the fact that one of the leases may concern the dredging company alone does not render the action divisible. The plaintiff had a right to join as defendants all parties who claim an interest in the land in question, and thus extinguish in one action all adverse interests, and avoid further litigation. The plaintiff seeks complete, not partial, relief, and a decree which will adjudge to each defendant the value of his interest in the land.

The whole subject-matter of this action, as set out in the complaint, cannot be fully determined between plaintiff and the dredging company without the presence of other defendants, because the interests of Leggett and the bank extend to every part of the land, and both, like the plaintiff, are citizens of California. The fact that defendants can file separate answers, tendering distinct and varying issues relating to their respective estates in the one tract of land, does not create separable controversies within the meaning of the statute.

In Bellaire v. Baltimore & Ohio Railroad Company, 146 U. S. 1ᵗ, 119, 13 Sup. Ct. 16, 36 L. Ed. 910, suit was brought by the city of Bellaire to condemn a strip of land 160 feet long by 60 feet wide. Of this strip the Baltimore & Ohio Railroad Company was in possession under a lease from its codefendant. The lower court held that the value of the leasehold was an interest wholly distinct and apart from the interest of the defendant who owned the fee, and that it constituted a separable controversy. The Supreme Court, however, held that:

"The object of the suit was to condemn and appropriate to the public use a single lot of land, and not (as in Union Pacific Railway v. Kansas, 115 U. S. 2, 22, 5 Sup. Ct. 1113, 29 L. Ed. 319) several lots of land, each owned by a different person. The cause of action alleged, and consequently the subject-matter of the controversy, was whether the whole lot should be condemned, and that controversy was not the less a single and entire one because the two defendants owned distinct interests in the land and might be entitled to separate awards of damages. Kohl v. United States, 91 U. S. 367, 377, 378, 23 L. Ed. 449. The ascertaining of those interests, and the assessment of those damages, were but incidents to the principal controversy, and did not make that controversy divisible, so that the right of either defendant could be fully determined by itself, apart from the right of the other defendant, and from the main issue between both defendants on the one side and the plaintiff on the other."

Where the object of the suit is to condemn and appropriate to public use separate and distinct tracts of land, each owned by a different person, each constitutes a separable controversy. Deepwater Railway Co. v. Western, etc., Co. (C. C.) 152 Fed. 824, 826; Railroad Co. v. McKell (C. C.) 75 Fed. 34.

In the case last cited the fee to the entire tract of land sought to be condemned was in McKell. McKell had leased a portion of the tract to one of his codefendants, who, in turn, had sublet to another. Plaintiff and McKell were citizens of different states. Plaintiff and McKell's tenants were citizens of the same state. Judge Jackson held

that as to the portion of the land which had not been leased there was a separable controversy between plaintiff and McKell which might be removed to the federal court. It should be noted here that none of McKell's codefendants had any interest in that portion of the land not leased. If the dredging company were the owner of a separate and distinct portion of the tract of land in question, and no other defendant had any interest therein, we should have a state of facts similar to those in Railway Co. v. McKell, but no such state of facts is disclosed either by the complainant or by the petition for removal.

It is alleged in the petition:

"That the cause of action set up in said suit against your petitioner is a severable controversy, separate and distinct from that alleged against any other defendant: * * * that said suit is brought by plaintiff to condemn and take for public use a certain tract of land described in the plaintiff's complaint therein; and that your petitioner claims and owns a separate and distinct part thereof and estate therein and is entitled to have found and adjudged to it a separate compensation for said taking."

The petition does not define with any degree of certainty or precision the character or location of the portion of the land claimed by the dredging company. The fact that it claims a distinct part or estate, is not inconsistent with the existence of a like claim in another defendant to the same piece of land, and the allegation of ownership of a separate and distinct part and estate of that tract of land does not exclude the idea that some other defendant may have a mortgage lien or a leasehold interest in the same tract which is claimed by the dredging company. 2 Lewis on Eminent Domain, § 335.

It is contended that under the rule announced in Railway Co. v. McKell, supra, there is a severable controversy as to the dredging company, because in its petition for removal that company says it is interested with Leggett in only a part of the land described in the complaint. I do not so understand the conclusions of Judge Jackson. What he does decide is that there is a separable controversy as to that portion of land owned by McKell in which his codefendants have no interest. The separate controversy is between plaintiff and McKell, not between plaintiff and McKell's tenants.

This conclusion leads us to another important consideration. In order to justify a federal court in assuming jurisdiction in a case like this, there must not only be a separate controversy, but removal must be sought by a defendant actually interested in the separate controversy. This follows from the language of the statute relating to removals, which confers the right of removal only upon the defendant or defendants actually interested in the separable controversy. Moon on Removal of Causes, § 151; Rand v. Walker, 117 U. S. 340, 345, 6 Sup. Ct. 769, 29 L. Ed. 907.

In the case last cited it was argued that the order to remand was erroneous because the bill showed a separable controversy between plaintiff and certain of the defendants. Chief Justice Waite said:

"As to this it is sufficient to say that neither of the parties to this controversy, if it be separable—a question which we do not decide—have petitioned for removal, and the right to remove a suit on the ground of a separable con-

troversy is, by the statute, confined to the parties actually interested in such controversy."

There is nothing in the pleadings, or even in the petition for removal, which justifies the court in assuming that the interest of the defendant Leggett and the lien of the bank do not extend to that very part of the tract in question which the dredging company claims. Both Leggett and the bank are therefore necessary to a complete settlement of the controversy. The fact that they are citizens of the same state as the plaintiff bars the jurisdiction of this court.

The cause will be remanded to the state court.