## In re CITY OF SEATTLE.

(District Court, W. D. Washington, N. D.   August 5, 1916.)

No. 3372.

1. REMOVAL OF CAUSES ☞79(2)—MOTION TO REMOVE—TIME FOR FILING.

Under Rem. & Bal. Code Wash. § 7768, a city instituted condemnation proceedings to appropriate private property to protect its water supply; a petition being filed in the superior court pursuant to section 7770. Summons was served under section 7772, declaring that upon the filing of the petition summons returnable as summons in other civil actions shall be issued and served on the parties made defendant. Section 7774 declares that upon return of the summons, or as soon thereafter as the business of the court shall permit, the court shall proceed to the hearing of such petition, and shall impanel a jury to ascertain the compensation to be made. By section 222, subd. 2, a defendant is required to appear and answer within 20 days after service; while section 411 provides for judgment by default in case of failure to answer, subdivision 2 declaring that, where the action is to determine the amount of damages, the court may order the damage to be assessed by a jury, and provides that, if defendant gives notice of appearance before the expiration of the time for answering, he shall be entitled to 5 days' notice of the time and place of application to the court for the relief demanded. *Held*, that the statutes should be construed together, and upon the failure of defendant to file its petition for removal within 20 days, or to serve notice of its appearance before the expiration of the 20 days fixed by summons, it waived all right to notice of further proceedings, and the right of removal under Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1913, § 1010), on the ground of diversity of citizenship.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 141, 142; Dec. Dig. ☞79(2).]

2. REMOVAL OF CAUSES ☞52—SEPARABLE CONTROVERSIES.

Where a petition to condemn land of a mortgagor was duly served on the mortgagor, and it failed to petition for removal to the federal court within time, there is no separable controversy, which will entitle the mortgagee to removal of the cause to the federal court thereafter on the ground of diversity of citizenship.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 102, 103, 105; Dec. Dig. ☞52.]

In the matter of the petition of the City of Seattle to condemn, appropriate, and damage private property for the purpose of protecting the supply of fresh water of the city from pollution, as provided for and specified in Ordinance No. 35647 of said city. On petition of the Chicago, Milwaukee & St. Paul Railway Company and another, the cause was removed to the federal courts. On motion to remand. Motion granted.

Hugh M. Caldwell, Corp. Counsel, and Walter F. Meier and Frank S. Griffith, Assts. Corp. Counsel, all of Seattle, Wash., for city of Seattle.

F. M. Dudley and G. W. Korte, both of Seattle, Wash., for defendants.

NETERER, District Judge. [1] Petition is filed by the city of Seattle, pursuant to the laws of Washington and ordinance of the city,

seeking to appropriate certain lands belonging to the Chicago, Milwaukee & St. Paul Railway Company, in which the United States Trust Company of New York and Edward Sheldon, and the Guaranty Trust Company of New York and Alexander J. Hemphill, are interested as mortgagees. Summons was duly served upon the defendant railway company on the 6th of May, 1916. No summons has been served upon the other petitioners. Separate petitions for removal were filed on the 6th of June, 1916, on the ground of diversity of citizenship and separable controversy. Motion has been made to remand the cause to the state court upon the ground that there is no separable controversy and the petition was filed out of time.

This proceeding is prosecuted under the provisions of section 7768, Rem. & Bal. Codes & Statutes of Washington, and petition is filed pursuant to section 7770, and defendants brought into court by summons as provided by section 7772, which provides that:

"Upon the filing of the petition aforesaid * * * summons, returnable as summons in other civil actions, shall be issued and served upon the persons made parties defendant. * * * "

And by section 222, subd. 2, R. & B., supra, a defendant is required to appear and answer within 20 days after service.

Section 7774, Rem. & Bal., supra:

"Upon the return of said summons, or as soon thereafter as the business of court will permit, the said court shall proceed to the hearing of such petition and shall impanel a jury to ascertain the just compensation to be paid for the property taken or damaged; but if any defendant or party in interest shall demand, and the court shall deem it proper, separate juries may be impaneled as to the compensation or damages to be paid to any one or more of such defendants or parties in interest."

A condemnation proceeding has been held by the Supreme Court, in Mason City & Ft. Dodge Ry. Co. v. Boynton, 204 U. S. 570, 27 Sup. Ct. 321, 51 L. Ed. 629, to be a suit in the generally understood sense of that term. In section 411, Rem. & Bal., supra, provision is made for the entry of judgment or decree in case of default, providing the cases in which proof shall be taken. Subdivision 2 provides, where the action is to determine the amount of damages, the court may order the damages to be assessed by a jury, and further provides:

"If the defendant give notice of appearance in the action before the expiration of the time for answering, he shall be entitled to five days' notice of the time and place of application to the court for the relief demanded in the complaint."

The purpose of the statute of Washington unquestionably is to apply the same rules with relation to the procedure in condemnation as in other actions, and any right granted to a party to such proceeding by law must be invoked prior to the expiration of the time fixed in civil actions. Sections 411, 222, 7772, and 7774, Rem. & Bal., supra, must be construed together, and upon the failure of the respondent to file its petition for removal within 20 days, or serve notice of its appearance before the expiration of the 20 days fixed by summons, it waived all right of notice of further proceeding and right of removal under section 28 of the Judicial Code. The petition for removal of the Chicago,

Milwaukee & St. Paul Railway Company was therefore filed too late, Adams v. Puget Sound T. L. & P. Co. (D. C.) 207 Fed. 205.

[2] The railway company being the owner of the land, the trust companies' interest being that of mortgagee, there is no separable controversy. State ex rel. Columbus v. Ry. Co. (C. C.) 48 Fed. 626; City of Washington v. Columbus & C. M. Ry. Co. (C. C.) 53 Fed. 673; Oroville & N. R. Co. v. Legett (C. C.) 162 Fed. 571; City of Le Mars v. Iowa Falls & S. C. R. Co. (C. C.) 48 Fed. 661; Perkins et al. v. Lake Superior & S. E. Ry. Co. (C. C.) 140 Fed. 906; Kansas City v. Hennegan (C. C.) 152 Fed. 249; Fishblatt v. Atlantic City (C. C.) 174 Fed. 196; Seattle & Montana Ry. Co. v. State (C. C.) 52 Fed. 594; City of Bellaire v. B. & O. Ry. Co., 146 U. S. 117, 13 Sup. Ct. 16, 36 L. Ed. 910.

Motion to remand is granted.