## SEATTLE & M. RY. CO. *v.* STATE *et al.*

*(Circuit Court, D. Washington, N. D.   September 24, 1892.)*

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—CONDEMNATION PROCEEDINGS.
   Proceedings for the condemnation of a right of way in the state of Washington cannot be removed into a federal court by corporations of Oregon and New York, which are joined as defendants, unless the record shows a separable controversy.

2. SAME—FEDERAL CORPORATION.
   Proceedings for the condemnation of a right of way cannot be removed into a federal court by a federal corporation joined as a defendant, when it does not appear that such corporation is concerned in the litigation, for in such case the record does not show that the case is one arising under the constitution and laws of the United States.   *Union Pac. Ry. Co. v. Kansas City,* and *Union Pac. Ry. Co. v. Myers,* 5 Sup. Ct. Rep. 1113, 115 U. S. 1, distinguished.

At Law.   Condemnation proceedings brought by the Seattle & Montana Railway Company against the state of Washington, the Columbia & Puget Sound Railroad Company, the Oregon Improvement Company, the Farmers' Loan & Trust Company, the Northern Pacific & Puget Sound Shore Railroad Company, the Northern Pacific Railroad Company, and King county, to secure a right of way.   The action was commenced in the superior court of the state of Washington for King county, and removed into the United States circuit court by the Northern Pacific Railroad Company, the Oregon Improvement Company, and the Farmers' Loan & Trust Company.   On motion to remand.   Granted.

*Burke, Shepherd & Woods,* for plaintiff.

*A. F. Burliegh,* for defendants.

HANFORD, District Judge.   The Seattle & Montana Railway Company, a corporation organized under the laws of the state of Washington, and owner of the western division of the transcontinental line known as the "Great Northern Railway," commenced this proceeding in the superior court of the state of Washington for King county, for condemnation, under the laws of the state, for right of way purposes, of a strip 60 feet wide in Railroad avenue, in the city of Seattle, extending from the northern line of Yesler avenue in a southerly direction to the location of a site selected for its proposed depot and terminal ground; and a strip of the same width for a branch curving from Railroad avenue near King street, in a southeasterly direction, and extending to the city limits.   The scheme involves the crossing and recrossing of two existing lines of railway by four tracks, each of which is designed to be operated as part of the main line of said transcontinental railway; and also a crossing by said four tracks of spur tracks, wharves, and other permanent improvements, and the rebuilding or removal of existing inclines and elevated railway tracks, which were constructed and are in use for convenience in the transfer of freight from cars to ships and *vice versa.* The space which the plaintiff is thus seeking to appropriate is upon the

water front of the city, wholly outside of the meander line of the harbor, and below the line of ordinary high tide.

The several defendants are joined because they respectively have or claim interests in the premises as follows: The state of Washington is supposed to be the owner of the fee; King county claims a lien upon a portion of the premises for delinquent taxes; the Columbia & Puget Sound Railway Company and the Northern Pacific & Puget Sound Shore Company, two local corporations, jointly own the right of way of the two existing lines of railway, and the company first mentioned also owns the wharves, spur tracks, inclines, and elevated railways above mentioned; the Oregon Improvement Company, a corporation of the state of Oregon, owns all the stock of the Columbia & Puget Sound Company, and has the management and use of all its property; the Farmers' Loan & Trust Company, a corporation of the state of New York, is a mortgagee of the property owned and controlled by the Oregon Improvement Company; the Northern Pacific Railroad Company appears to have an interest in the property of the Northern Pacific & Puget Sound Shore Railroad Company, the nature of which is not disclosed, and it is operating one of said existing lines of railway. The defendant last mentioned is a corporation created by an act of congress, and, on the ground that as to it the suit is one arising under the constitution and laws of the United States, it filed a petition and bond for the removal of the cause to this court. The Oregon Improvement Company and the Farmers' Loan & Trust Company also filed their petitions and bonds for removal, each claiming a right to have the case removed to this court, because it involves a separate controversy as to it, and that it is a citizen of a state other than Washington, of which the plaintiff is a citizen. The record has been brought here, and now the plaintiff moves to remand, claiming that this court is without jurisdiction.

When a number of persons have been joined as defendants in an action, and the nature of the controversy does not appear upon the face of the record, the bare assertion in a petition for removal, by one defendant, that there is a separable controversy, is not sufficient. A proceeding which abruptly terminates the progress of a case in a court of competent jurisdiction cannot be justified if the facts which the law prescribes as essential do not affirmatively appear. These observations are aimed at the pretensions of the Oregon Improvement Company and the Farmers' Loan & Trust Company, and, in disposing of the questions introduced into the case by the attempt of said corporations to remove it into this court, it is only necessary to add the statement that the court is unable to find in the record any facts upon which a separate controversy between the plaintiff and either of said corporations can be predicated. On the contrary, enough appears to show that the interests of the said corporations are so blended with the Columbia & Puget Sound Company that it will not be possible to determine any controversy affecting them without touching the last-named company.

In behalf of the Northern Pacific Railroad Company, it is insisted

that, upon the authority of the decision of the supreme court in the *Removal Cases*, 115 U. S. 1, 5 Sup. Ct. Rep. 1113, especially the case of *Union Pac. Ry. Co.* v. *Kansas City*, the right of said defendant to remove the case to this court must be affirmed. In the case referred to (*Union Pac. Ry. Co.* v. *Kansas City*) the city government was endeavoring, in one proceeding against all the owners of real estate situated within a certain district, to fix the amounts to be paid as damages resulting from the widening of a street extending through the railway company's depot grounds; and also the amount of assessments to be levied upon property within the district, according to a scheme for providing a fund out of which to pay the damages by assessing the property benefited by the improvement. After an appraisement had been made by a jury constituted according to special statutory authority, and their appraisement had been confirmed by the mayor and common council of the city, appeals were taken, and thereupon the proceeding became a case pending in a court of the state of Missouri having authority conferred by the laws of said state to adjudicate all matters of difference between the parties. The Union Pacific Company then removed the case to the United States circuit court, a motion to remand was granted, and the case was then taken to the supreme court by a writ of error. The supreme court held that there appeared to be a distinct controversy as to the amount to be paid to the railway company as damages; and a second distinct controversy as to the amount of the assessment to be levied upon its property; and that there might be a third distinct controversy as to the right of the city to appropriate any part of the depot grounds for a street. The railway company being a corporation created by an act of congress, and all its rights to transact business, acquire and hold property, and prosecute and defend suits, being conferred by the laws of the United States, the case was considered to be one arising under the constitution and laws of the United States. On these grounds, the supreme court held that the case was one of which the circuit court had jurisdiction, and that the order remanding it was erroneous. But the case at bar is different. The record before me fails to disclose the nature of any controversy to which the Northern Pacific Railroad Company can be a party. Whatever interest said company has in the subject matter of the litigation is concealed, and the attitude which it will assume towards other parties to any controversy involved is a matter of mere conjecture. At present, the case appears to be complicated by the blended and the conflicting interests and claims of all the defendants, but how the Northern Pacific Railroad will be affected, or what interest it has to be protected, is not clear. It is my opinion that although said company is a federal corporation, for failure to show that it is concerned in the litigation, the record does not show that the case is one arising under the laws of the United States, or that it is within the jurisdiction of this court.

I have considered the point made by counsel for the plaintiff, that all the defendants did not join in petitioning for the removal of the cause to this court, but I am unwilling to rest my decision granting the mo-

tion to remand on that ground. The decisions of the supreme court, which were cited upon the argument, do not support counsel in the position taken. A case not cited by counsel on either side is to the contrary. *Mitchell* v. *Smale*, 140 U. S. 406, 11 Sup. Ct. Rep. 819, 840. True, the opinion does not in words declare that a case arising under the laws of the United States can be removed from a state court to a United States circuit court, by the petition of only one of several defendants, but the case was such a case, it was removed upon such a petition, the questions as to the sufficiency of the petition and the jurisdiction of the circuit court were contested and were squarely met and decided by the supreme court, and the effect of the decision is to affirm the right of one of several defendants to remove a cause, if it be a case at law or in equity, arising under the constitution or laws of the United States, and cognizable in a circuit court.

The motion to remand will be granted for reasons indicated, and which may be restated as follows: *First*, the grounds for removal alleged in the petitions of the Oregon Improvement Company and the Farmers' Loan & Trust Company do not appear to exist, as the record fails to show that there is any controversy involved in the case which can be maintained by either or both of said corporations without the aid or support of the other defendants; *second*, the case does appear to be one arising under the constitution or laws of the United States, as the record does not show that there is any disputed question which will require for its decision the application or interpretation of any provision of the constitution or laws of the United States, nor that the Northern Pacific Railroad Company is so related to the case as to be affected by the determination of any controverted question.