## CITY OF WASHINGTON v. COLUMBUS & C. M. R. CO.

(Circuit Court, S. D. Ohio, E. D.   January 25, 1893.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

In a suit by a city to condemn land occupied by a railroad corporation of another state as lessee of a railroad corporation of the same state, when the main issue is as to the right to condemn, the controversy as to the foreign corporation is not separate, so as to give it a right to remove the cause to a federal court, although the home corporation files a disclaimer alleging that the lease is for 99 years, renewable forever, and that the foreign corporation is practically the owner of the property, and will suffer all the damage that may be inflicted; for the home corporation, as reversioner, still has an interest in the property. City of Bellaire v. Baltimore & O. R. Co., 13 Sup. Ct. Rep. 16, followed.

Proceeding in the probate court of Fayette county, Ohio, by the city of Washington against the Columbus & Cincinnati Midland Railroad Company for the appropriation of a right of way for a street. From the verdict assessing the damages, defendant appealed to the court of common pleas of Fayette county. Subsequently the Baltimore & Ohio Railroad Company and the Central Ohio Railroad Company were made parties defendant, and the former petitioned for a removal to this court, which was granted. Heard on motion to remand. Granted.

Joseph Hidy and Willis & Pine, for plaintiff.
J. H. Collins, for defendant.

SAGE, District Judge.   The proceeding in this case in the probate court of Fayette county, Ohio, of which the plaintiff is the county seat, was for the appropriation of a right of way for a street within the incorporated limits of the plaintiff, and across the premises and tracks of the defendant. The defendant having demurred to the application, and, after the overruling of its demurrer, filed its answer, making sundry defenses to the application, and also setting up that the land sought to be taken was reasonably worth $100 per front foot, and that the residue of defendant's lands would be made less valuable, by reason of the appropriation, in the sum of $10,000, the application was heard before the probate court and a jury, which assessed the compensation for the lands taken at $264.79, and the damages to the residue of the defendant's lands at $125. The court having confirmed the verdict of the jury, and its assessment, the defendant filed written notice of an appeal to the court of common pleas of Fayette county, and on the 1st of February, 1892, filed the appeal bond, in due form, and the same was approved by the probate court, and a transcript of the proceedings in the cause sent to the court of common pleas. On the 30th of April, 1892, the defendant filed in the court of common pleas an additional answer, setting up that it had not then, nor had it had since the commencement of the proceedings, any interest whatever in the lands sought to be appropriated; that previous to the commencement of the proceedings it had leased its entire railway track, yards, and all other property of every description, to the Central Ohio Railroad Company, as reorganized, and that

that company thereupon assigned and transferred said lease to the Baltimore & Ohio Railroad Company; that said lease, by its terms, took effect on the 1st day of January, A. D. 1890, and was for the term of 99 years, renewable forever, "so that," the answer proceeds to set forth, "whatever damage is done to the track by reason of these condemnation proceedings will be done to the property of the Baltimore & Ohio Railroad Company, and not to this defendant herein, and that by virtue of said lease the said Baltimore & Ohio Railroad Company became practically the owner of the property sought to be taken, and whatever compensation is awarded therefor should be awarded to that company, and not to this defendant; this defendant hereby and herein disclaiming all interest in said property, in any form or manner, at the time of the commencement of this suit, nor since, and, having answered, asks to be discharged." On the 23d of April, 1892, upon a showing that the Baltimore & Ohio Railroad Company and the Central Ohio Railroad Company claimed some interest in the real estate sought to be appropriated, the court of common pleas made both those companies parties defendant, and ordered process issued against them. On the 30th of April, 1892, the Baltimore & Ohio Railroad Company (having been duly served with process on the 23d day of April, 1892, notifying it that the cause on appeal would be for hearing before said court of common pleas on the 21st of May, 1892, and requiring it to appear at that time, and set up any claim which it might have to said premises, or to compensation and damages which might be awarded) filed its petition for the removal of the cause to this court, setting forth that it was a citizen of the state of Maryland, and had a separable controversy with the plaintiff. The Central Ohio Railroad Company was also served with summons on the ———— day of April, and thereby required to appear at the same time as the Baltimore & Ohio Railroad Company. On the 7th day of May, 1892, the court of common pleas made an entry granting the petition for removal.

The motion to remand must be granted, upon the authority of City of Bellaire v. Baltimore & O. R. Co., decided by the supreme court of the United States, November 14, 1892, (see 13 Sup. Ct. Rep. 16,) and holding that in a suit by a city to condemn land occupied by a railroad corporation of another state as lessee of a railroad corporation of the same state, when the main issue is as to the right to condemn, the controversy as to the foreign corporation is not separate, so as to give it a right to remove the cause to a federal court, although the interests of the two defendants, and their separate awards of damages, must be determined as incidents to the principal controversy; unless the filing of a disclaimer of all interest by the Cincinnati Midland Company, which is an Ohio corporation, is a circumstance sufficient to distinguish this case from that. I do not think it is. The disclaimer is expressly, by the amended answer of the Midland Company, based upon the fact that it had made a lease of the property sought to be appropriated to the Baltimore & Ohio Railroad Company, for 99 years, renewable forever. But the assignment of that lease did not transfer to the Baltimore & Ohio Railroad Company all the interest of the Midland Company in the premises. It

still holds the reversion, and upon a surrender or forfeiture of the lease would be reinstated in full ownership. The plaintiff, therefore, was not bound to accept the disclaimer, or, if it did, was entitled to a judgment respecting the costs, and passing upon the effect of the disclaimer. Moreover, in the same entry by which the Baltimore & Ohio Railroad Company was made a party defendant, the Central Ohio Railroad Company, another Ohio corporation, was also made a party defendant, as claiming to have some interest in the property sought to be appropriated. Although it is set up in the amended answer of the Midland Company that the Central Ohio Company was the lessee in the lease granted by the Midland Company, and the assignor to the Baltimore & Ohio Company, that amendment cannot be taken as establishing the fact, nor as authorizing the court to decide that the Ohio Central Company has no interest in the property. The decision in City of Bellaire v. Baltimore & O. R. Co., above cited, would apply and make an order remanding the case necessary, even if the disclaimer of the Midland Company, if it were the only other party defendant, would sustain the removal by the Baltimore & Ohio Railroad Company to this court. The motion to remand will be granted, with all costs attending the removal, and in this court, to be taxed against the Baltimore & Ohio Railroad Company.