HELENA POWER TRANSMISSION CO. v. SPRATT et al.

(Circuit Court, D. Montana. June 20, 1906.)

No. 795.

1. REMOVAL OF CAUSES—SUITS REMOVABLE—PROCEEDING TO CONDEMN LAND.

A proceeding by a corporation to condemn lands under the eminent domain statute of Montana (Code Civ. Proc. tit. 7, pt. 3) is a civil suit, and removable into a federal court, where the requisite diversity of citizenship and value in controversy appear.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 18.]

2. SAME—MOTION TO REMAND—RECORD TO BE CONSIDERED.

A cause removed into a federal court on the ground of diversity of citizenship will be remanded unless the jurisdiction of such court appears from the record, which includes for the purposes of such motion the petition for removal and all pleadings and other papers previously properly filed in the suit in the state court.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, §§ 218–220, 227.]

3. SAME—SEPARABLE CONTROVERSY.

Where it appears from the record in a proceeding in a state court to condemn land that the equitable title to the land is in a defendant who is a citizen of the state, while the legal title is in another defendant who is a citizen of another state, there is no separable controversy between the plaintiff and the nonresident defendant, which entitles the latter to remove the cause.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, §§ 94, 102.

Separable controversy, ground for removal of suit to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

## On Motion to Remand to State Court.

The plaintiff, a New Jersey corporation, on April 25th last instituted this proceeding in the state courts, under the eminent domain laws of the state of Montana, to condemn certain lands for flooding purposes; it being alleged that it is necessary for it to cover the lands described with water in the operation of its dam and electrical plant. It alleges that five tracts, each of which is separately described, are necessary. No question arises as to any of the tracts except what is called No. 5. Plaintiff alleges that the reputed owners of No. 5 tract are the Eldorado Gold & Gem Company of Montana, Limited, a Michigan corporation, or W. H. Sanborn and ——— Sanborn, his wife, and that if any other persons have any interest in said premises, as owners or otherwise, such persons or owners are unknown to plaintiff. All the tracts, except No. 5, are alleged to be owned by defendants other than Sanborn and wife. The defendants Augustus N. Spratt and Elizabeth B. Spratt, by Messrs. M. S. Gunn and J. B. Clayberg, their attorneys, answered the plaintiff's complaint, denying that the use for which plaintiff was seeking to condemn the land was a public use, and denying upon information and belief that any of the defendants have any right, title, or interest in or to the premises described in the complaint, and alleging that defendant Spratt is the owner, in the possession, and entitled to the possession, of all the property described in the complaint, except the fifth parcel, and as to that tract defendant Spratt alleged that he has an equitable interest therein and title thereto, the legal title being in the defendant W. H. Sanborn. Spratt pleaded that the taking of the property would be in violation of the law and of the fourteenth amendment to the Constitution of the United States. Upon June 9th Messrs. M. S. Gunn and J. B. Clayberg also appeared as counsel in the state court for the defendants W. H. Sanborn, Anna Sanborn, and the Eldorado Gold & Gem Company of Montana, Limited, and demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action or to warrant the relief prayed for therein. Upon the same day the same three defendants, by Mr. J. B. Clayberg, their attorney, filed a petition for removal of the cause to the Circuit Court of the United States. In this petition defendants alleged that the value of the property exceeded $2,000, and that the suit was to condemn certain lands and premises owned by and belonging to the petitioners. The land described was that which was included in the fifth paragraph of the complaint (tract No. 5), as heretofore referred to. The petitioners alleged that when the suit was commenced and now the controversy between plaintiff and petitioners was and is wholly between citizens of different states, and could be fully determined as between them, and

that petitioners Sanborn and wife were and are citizens of the state of Michigan; and that the Eldorado Gold & Gem Company was and is a citizen of Michigan, and not a resident or citizen of the state of Montana; that the plaintiff is a New Jersey corporation, citizen of New Jersey; that plaintiff seeks to condemn five separate and specific pieces or descriptions of real estate; that the complaint does not allege that any of the defendants other than petitioners are interested in the above-described property of petitioners sought to be condemned, but that it is owned solely by petitioners; that the matter in controversy between petitioners and plaintiff is separate from the matter or matters in controversy between the plaintiff and the other defendants herein, and that none of the other defendants herein are necessary or proper parties to the controversy between plaintiff and petitioners; that a separate action could be maintained by plaintiff against petitioners for the condemnation of the special property alleged to be owned by petitioners without joining as defendants any of the other defendants named in the above-entitled suit; that the Circuit Court of the United States, Ninth Circuit, in and for the District of Montana, has full and complete jurisdiction of such controversy and action, and the same can be fully determined therein; that the time in which petitioners may appear in said suit had not elapsed. The necessary bond on removal was given, and an order of removal was made by the judge of the state district court. The plaintiff in this, the Circuit Court of the United States, has filed a motion to remand, upon the ground that this court has not jurisdiction.

Wallace & Donnelly and Carpenter, Day & Carpenter, for plaintiff.
J. B. Clayberg and M. S. Gunn, for defendants.

HUNT, District Judge (after stating the facts). After a careful examination of the authorities, I have concluded that the proceeding in the state court is a suit or controversy to which the judicial power of the United States extends. Traction Co. v. Mining Co., 196 U. S. 246, 25 Sup. Ct. 251, 49 L. Ed. 462; South Dakota Central Ry. Co. v. C. M. & St. P. R. Co. (C. C. A.) 141 Fed. 578. The proceeding under the statutes of the state of Montana must be in court from its initiation. It is therefore to be distinguished from a proceeding purely administrative until report is filed. Title 7, pt. 3, Eminent Domain, Code Civ. Proc. Mont.; Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206; Upshur Co. v. Rich, 135 U. S. 457, 477, 10 Sup. Ct. 651, 34 L. Ed. 196. To determine whether there is a separable controversy the court may examine the record as it stood when the petition for removal was granted. The suggestion made by myself during the argument that the case of Tennessee v. Union Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511, seemed to limit the inquiry to an examination of the plaintiff's complaint only was founded upon an impression that the doctrine of that decision went as far as indicated. But after re-examining the case I find that the opinion of Justice Gray discusses the removal of a case where removal is sought solely upon the ground that a federal question is involved; and the decision was that no case can be removed from a state court into a Circuit Court of the United States on the sole ground that it is one arising under the Constitution, laws, or treaties of the United States, unless that appears by plaintiff's statement of his own claim. The same rule was upheld in Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738, 42 L. Ed. 76; Galveston Railway v. Texas, 170 U. S. 235, 18 Sup. Ct. 603, 42 L. Ed. 1017; B. & M. Co.

v. M. O. P. Co., 188 U. S. 632, 23 Sup. Ct. 434, 47 L. Ed. 626, and Gableman v. Peoria, etc., Ry. Co., 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220; and, if it does not so appear, the want of it cannot be supplied by any statement of the petition for removal or in the subsequent pleadings. Worthington v. Mitchell (C. C.) 140 Fed. 947. Where, however, removal is sought upon the grounds of diversity of citizenship, the court will remand to the state court a suit which the face of the record fails to show is within the jurisdiction of the Circuit Court, and by the record are meant pleadings and other papers properly filed in the state court before and at the time the petition for removal is filed, and the petition may be included. In Traction Co. v. Mining Co., 196 U. S. 246, 25 Sup. Ct. 251, 49 L. Ed. 462, the court included the petition for removal as one of the papers constituting the record to be examined. "It is well settled," says Justice Harlan in that case, "that if, upon the face of the record, including the petition for removal, a suit does not appear to be a removable one, then the state court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made." Among the earlier cases supporting this recent utterance of the court is Insurance Co. v. Pechner, 95 U. S. 183, 24 L. Ed. 427, where Chief Justice Waite said:

"This right of removal is statutory. Before a party can avail himself of it, he must show upon the record that his is a case which comes within the provisions of the statute. His petition for removal, when filed, becomes a part of the record in the cause. It should state facts, which, taken in connection with such as already appear, entitle him to the transfer. If he fails in this, he has not, in law, shown to the court that it cannot 'proceed further with the cause.' Having once acquired jurisdiction, the court may proceed until it is judicially informed that its power over the cause has been suspended."

In Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962, Chief Justice Waite repeated the language quoted, and added that the petition must show a right in the petitioner to demand a removal. In Carson v. Hyatt, 118 U. S. 279, 6 Sup. Ct. 1050, 30 L. Ed. 167, Chief Justice Waite again spoke for the court, and the statements of the petition were considered as part of the record of the case. In Burlington, etc., Ry. Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. Ed. 1159, the court, once more speaking through Chief Justice Waite, cites Railway Co. v. Ramsey, 22 Wall. (U. S.) 322, 22 L. Ed. 823, to the effect that when a petition for a removal of a cause to the Circuit Court of the United States is filed in a cause pending in a state court, the state courts are at liberty to consider the actual facts, as well as the law arising on the face of the record, after the presentation of the petition for removal. Of course the issues of fact made upon the petition for removal can only be tried in the Circuit Court, but the state court may determine for itself whether on the face of the record removal must be had. "The theory," Chief Justice Waite continues, "on which it [the rule] rests is that the record closes, so far as the question of removal is concerned, when the petition for removal is filed and the necessary security furnished. It presents then to the state court a pure question of law, and that is whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record,'

which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit." Some of the decisions do not seem to have gone this far, yet they do authorize examination of the pleadings. In Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514, the record was considered with relation to the pleadings as they stood when petition for removal was filed.

In Louisville & Railroad Co. v. Wangelin, 132 U. S. 601, 10 Sup. Ct. 203, 33 L. Ed. 473, the court said the question was to be determined by "the condition of the record in the state court at the time of the filing of the petition for removal, independently of the allegations in that petition or in the affidavit of the petitioner, unless the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal into the federal court." In Connell v. Smiley, 156 U. S. 337, 15 Sup. Ct. 353, 39 L. Ed. 443, complaint, answer, and complaint in intervention subsequently filed were regarded as proper to be considered by the Circuit Court. In the very recent decision of Alabama Southern Railway v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, the court said the question of removability "depends upon the state of the pleadings and the record at the time of the application for removal." It being the duty of the court, by the latest authority, to look into the record, including the petition, to ascertain whether jurisdiction exists, this condition appears: The Helena Power Transmission Company (plaintiff) alleged that the defendants Sanborn and wife, citizens of the state of Michigan, are the reputed owners of a certain tract of land sought to be condemned. One of the defendants, Spratt, appeared, and, in substance, pleaded that he was the real owner of the tract standing in the name of Sanborn; that he held the equitable title to the property. Thereafter Sanborn and wife appeared, not denying that the equitable title to the property is in Spratt, but alleging that the complaint alleged ownership in them, Sanborn and wife, and setting forth that a separate action could be maintained by plaintiff against them for condemnation without joining as defendants any of the other defendants, and that the same could be fully determined. We therefore have a record disclosing the fact that the equitable title and ownership are in defendant Spratt, a citizen of Montana, with the legal title in Sanborn and wife, citizens of Michigan. There is but one tract involved, with no separate or proportionate interests of each of said defendants in such tract. While the legal title would seem to be of slight consequence where real ownership and equitable title are in another, yet the holder of the legal title is a proper party to a proceeding in eminent domain. The plaintiff doubtless desires to settle all questions involved in this controversy, and to do so it wishes to determine the rights of every person having any interest in the tract sought to be taken, so that a judgment can be had which shall adjudicate their rights. The decree is made more effectual by this procedure, and to enable plaintiff to obtain the relief sought the holder of any legal interest should be brought in as a defendant. So Sanborn and wife are proper parties, rightly joined, and, the object of the suit being to condemn and appropriate to the use sought the single tract, with legal title in Sanborn and wife and

the equitable in Spratt, the controversy is over the condemnation of the whole No. 5 tract, and is not a separable one between petitioning defendant and plaintiff. Bellaire v. B. & O. R., 146 U. S. 117, 13 Sup. Ct. 16, 36 L. Ed. 910.

The case is not altogether unlike that of Seattle & M. Ry Co. v. State et al. (C. C.) 52 Fed. 594. That was a proceeding for condemnation brought by the Seattle & Montana Railway Company against the state of Washington, the Columbia & Puget Sound Railroad Company, Oregon Improvement Company, Farmers' Loan & Trust Company, Northern Pacific & Puget Sound Shore Railroad Company, the Northern Pacific Railroad Company, and King county to secure a right of way. The action was commenced in the state courts of Washington, and removed into the United States Circuit Court by the Northern Pacific & Puget Sound Shore Railroad Company, the Oregon Improvement Company, and Farmers' Loan & Trust Company. A motion to remand was made and granted. It appeared that the several defendants were joined because they respectively claimed interests in the premises. The state of Washington claimed to be the owner of the fee; King county claimed a lien on a portion of the premises for taxes; two of the railroads, corporations within the state of Washington, owned an interest in the property; the Oregon Improvement Company, an Oregon corporation, owned the stock of the Columbia & Puget Sound Company; the Farmers' Loan & Trust Company, a New York corporation, was a mortgagee; and the Northern Pacific Railroad Company appeared to have an interest in the property of the Northern Pacific & Puget Sound Shore Railroad Company. The Northern Pacific Railroad Company sought to remove on the ground that it was a corporation created by act of Congress. The Oregon Improvement Company and the Farmers' Loan and Trust Company claimed the right of removal because there was involved a separable controversy as to each, and that they were corporations of states other than Washington, of which the plaintiff was a citizen. Judge Hanford held that when a number of persons have been joined as defendants in an action, and the nature of the controversy does not appear upon the face of the record, the bare assertion in a petition for removal by one defendant that there is a separable controversy is not sufficient. He regarded the papers as showing sufficiently that the interests of the corporations seeking to remove were so blended with the interests of one of the local corporations that it would not be possible to determine any controversy affecting them without touching the interests of the local corporations. He rested his decision to remand, upon a distinct ground that reasons for removal did not appear to exist, as the record failed to show that there was any controversy involved in the case which could be maintained by either of the foreign corporations without the aid or support of the other defendants, and upon the further ground that the case did not appear to be one arising under the Constitution or laws of the United States.

City of Washington v. Columbus & C. M. R. Co. (C. C.) 53 Fed. 673, was a proceeding commenced in the state courts of Ohio by the city of Washington against the C. & C. M. R. Co. for the appropria-

tion of a right of way for a street. Damages were awarded, and the defendant appealed. Thereafter the Baltimore & Ohio Railway Company and the Central Ohio Railway Company were made parties defendant, and the Baltimore & Ohio petitioned for a removal to the Circuit Court of the United States, which was granted. Judge Sage remanded the cause, relying upon the doctrine of City of Bellaire v. Baltimore & Ohio R. R. Co., supra, holding that in a suit by a city to condemn land occupied by a railroad corporation of another state as lessee of a railroad corporation of the same state, when the main issue is as to the right to condemn, the controversy as to the foreign corporation is not separate, so as to give it a right to remove the cause to a federal court, although the interests of the two defendants and their separate awards of damages must be determined as incidents to the principal controversy.

Sugar Creek, B. P. & P. C. R. Co. v. McKell et al. (C. C.) 75 Fed. 34, was decided upon a motion to remand to the state court. The suit was for condemnation between the applicant and several defendants, some of whom were citizens of the same state as the applicant. The petition disclosed that McKell, one of the defendants, was the only owner of the land, and that he held the title in fee. It was claimed that McKell and wife had executed a lease to one McDonald for a portion of the land proposed to be taken, with power and authority to organize a joint-stock company, to lease the land to said company when so formed. It appeared that McDonald organized under the laws of the state of West Virginia a colliery company, but there was no evidence of any lease to McDonald, or of a lease by McDonald to the company. McDonald and the company were regarded as only tenants at will of the defendant McKell to a very small portion of the land sought to be taken, while McKell was the owner of a large tract, a small portion of which the applicant desired to condemn, as well as a part of that portion leased by McKell to the company. It was held to be apparent that McKell, being the owner in fee to the whole tract, subject only to a lease for a small portion of it to the company, there was a separable controversy as between the applicant and McKell as to the land not leased by him to the company. In distinguishing the case Judge Jackson emphasized the fact that the applicant was seeking to condemn not only the land of McKell, who was a nonresident, but the land of the McDonald company, a citizen of the same state with the applicant. He decided that, as between McKell and the applicant, there was a separable controversy, which could be fully heard and determined in the Circuit Court of the United States. But it was regarded as a separable controversy, because McKell was the exclusive owner in fee of the large tract which was sought to be condemned for the purposes of the railroad, and as to that portion of the land not leased the codefendant had no interest in it. The motion to remand was overruled.

In Perkins v. Lake Superior & S. E. Ry. Co. (C. C.) 140 Fed. 906, the question presented was whether in a condemnation proceeding involving a number of distinct tracts of land in several ownerships there was a separable controversy between the owner in severalty of one tract and the corporation, or whether a single controversy existed be-

tween the corporation on the one side and the owners in severalty of all the tracts described in the petition for condemnation. The court, through Judge Sanborn, held that the question of the right of the corporation to take the land should be regarded as presenting a single controversy, in which the railroad company was plaintiff, and all the owners of separate and distinct parcels whom it elected to join were defendants. The decision there turned upon the question of the right of the corporation to take the land desired, and Judge Sanborn was of the opinion that all the parties joined as defendants were jointly interested, and that the mere fact that the petitioners for removal were the owners in severalty of a part of the lots sought to be taken did not create a separable controversy between them and the railroad company. Although the case is favorable to one of the contentions of the plaintiff in the matter at bar, it is not directly to the point upon which I place my decision, inasmuch as Spratt and Sanborn and wife in this case are not owners in severalty of a part of the particular lot sought to be taken.

I need not question the accuracy of the proposition that a single condemnation proceeding, affecting distinct lots of land owned by several persons, presents several distinct controversies, any one of which, in a proper case, may be moved to a federal court independently of the rest. That I understand to be the general principle of the Pacific Railroad Removal Cases, 115 U. S. 2, 5 Sup. Ct. 1113, 29 L. Ed. 319, although it seems not to have been exactly applied in the case of Jarnecke Ditch (C. C.) 69 Fed. 161, and perhaps was not in Perkins v. Lake Superior et al., supra. Here, however, there is one defendant, a nonresident, who holds the legal title to the property involved, and another defendant, a resident, who holds the equitable title. My opinion is that there is no separable controversy as between the nonresident and the plaintiff, and I believe this view to be supported by recent authority.

I have examined the cases cited in the brief of counsel for defendants and many others by my independent search. While it is undoubtedly true that some of the opinions appear to accept as a rule without limitation that upon a motion to remand the court will look only into the plaintiff's complaint (Harley v. Insurance Company [C. C.] 125 Fed. 792), nevertheless the explicit language and the actual practice of the Supreme Court of the United States, as used and followed in their very latest opinions, certainly authorize the court to regard the record, including the petition for removal, except where removal is sought upon the ground that a federal question is involved, or the case is one specially provided for. When the discriminations in the rule are kept in mind, many of the cases are distinguishable.

It seems there can be no issue tried on the motion except where fraud or willful evasion is set up, but, where facts appearing in the record are not in conflict, they may be accepted as a basis for the consideration of the question of removability.

Following the recent cases, I therefore think this motion to remand must be granted.