THRESHER v. WESTERN UNION TELEGRAPH CO. et al.

(Circuit Court, D. Montana. October 22, 1906.)

No. 330.

REMOVAL OF CAUSES—MOTION TO REMAND—JOINDER OF DEFENDANTS IN TORT.

Where the complaint in an action in a state court states a joint cause of action in tort against two defendants, one a citizen of the state and the other of another state, allegations in a petition for removal filed by the nonresident defendant, which are in substance merely denials of allegations of fact made in the complaint, are not sufficient to justify a conclusion of a fraudulent joinder, and cannot be considered on the merits by the federal court as to the issues so tendered on a motion to remand after removal, but the allegations of the complaint must be taken as true for the purposes of such motion.

On Motion to Remand to State Court.

Maury & Hogevoll, for plaintiff
E. B. Howell, for defendants.

HUNT, District Judge. This is an action at law brought by B. S. Thresher against the Western Union Telegraph Company and Levi S. Wild, defendants. It was instituted in the district court of the Second judicial district of the state of Montana. Plaintiff prior to February 5, 1906, was an attorney practicing in the courts of the state and of the United States within Montana. Plaintiff alleges that prior to January 20, 1906, defendant Western Union Telegraph Company was doing business at Butte, Mont., and that defendant Wild was the manager of such business at Butte, and for the telegraph company had charge of the receiving and delivering of messages at Butte, that certain disbarment proceedings against plaintiff were pending in the Supreme Court of the state of Montana, and that prior to said last-mentioned date he had requested the Attorney General of the state of Montana to ask the Supreme Court to fix a time for him, plaintiff, to file answer to such charges. He alleges that on said date the Supreme Court, upon the application of said Attorney General, fixed Monday, January 22, 1906, at 10 o'clock, as the time for plaintiff to file answer to the charges in the said disbarment proceedings, and that between 12 and 1 o'clock of the same day the said Attorney General deposited with the defendant telegraph company, for transmission, a telegram addressed to plaintiff at Butte, advising him that the Supreme Court had granted plaintiff until Monday to file answer. Plaintiff alleges that the message was transmitted by the telegraph company at Helena, and reached Butte about the hour of 1:45 p. m. of the 20th of January; that it was the duty of the defendants to use great care and diligence in the transmission and delivery of the said message, but that the said defendants, in gross violation of their duty, failed and neglected to deliver the message to plaintiff, or to give him notice of the receipt of the same until 2 o'clock p. m. on the 22d of January, although defendants well knew of plaintiff's residence and place of business in Butte. He alleges that he had no notice of the order of the Supreme Court until the telegram was received, and that no answer was filed by him

because of his ignorance, and that because no answer was filed the Supreme Court disbarred him as an attorney at law. He alleges that, if the telegram had been received in time, he would have filed an answer, and that because of the gross negligence and carelessness of the defendants in transmitting and delivering the telegram he has been damaged. Summons was duly served upon defendant Wild as manager, and upon him personally. Defendants, through Mr. E. B. Howell, their attorney, filed a joint demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action. Upon the same day the defendant telegraph company petitioned the state court for a removal of the cause to the Circuit Court of the United States.

The petition alleges, among other things, that the defendant telegraph company is a citizen of the state of New York, and that Levi S. Wild is its manager, and, though a citizen of the state of Montana, yet he is not a necessary or proper party defendant; that the defendant company's office at Butte is a large and important one, employing several operators and a number of messengers and clerks, whose duty it was to receive messages from the operators and deliver the same to persons to whom the messages were addressed; that defendant Wild did not have charge of receiving or delivering messages at the office of the company in Butte in any other sense than that he had general oversight and charge of the office and of the employés, and that he did not receive or deliver the message described in plaintiff's complaint, but that it was actually received by one of the operators, and was by him passed over to one of the clerks, and by a clerk to a messenger for delivery, and that, if there was any negligence in the delivery, it was the actual negligence of one of the clerks or one of the messengers, for which Wild was in no way responsible. The petitioner alleges that plaintiff has not joined Wild as a defendant in good faith, but merely for the purpose of preventing the telegraph company from removing the cause to the Circuit Court of the United States and defrauding the federal court of its jurisdiction.

The affidavit of defendant Wild sets forth that he was, and is, the manager of the defendant telegraph company's office at Butte, and that it was impossible for him to receive and deliver personally the messages that were received at the office; that there are 5 clerks and 15 messengers employed, and that it was their duty to receive and deliver messages, and that the message referred to in plaintiff's complaint was actually received by one of the operators, and was delivered through the efforts of the clerks and messengers, and not by affiant, and that, if there was any negligence, it was that of the clerks or messengers; that there is no cause of action against affiant; and that he is joined as a defendant for the sole purpose of preventing the defendant telegraph company from removing the cause to the Circuit Court of the United States.

The usual order of removal was made. Plaintiff has moved in this court for an order remanding the cause to the district court of the Second judicial district of the state of Montana, which motion is resisted by defendants.

An examination of plaintiff's complaint discloses a joint cause of action stated against defendants. It may be defectively stated, but it is sufficient and cannot be disregarded because traversed by the petition of the defendant company and affidavit of defendant Wild, both of which contain matter appropriate doubtless in an answer to the complaint. The doctrine of the case of Alabama G. S. R. Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, is that plaintiff may select his own manner of bringing his action. If he has improperly joined causes of action, he may fail in his suit, the question may be raised by answer, and the rights of the defendant adjudicated. But the question of removability must ordinarily be determined by the complaint which contains plaintiff's case. True, the court is not always precluded from considering the contents of the petition for removal. In cases where diversity of citizenship is the ground involved, the court may and does often consider the face of the record, including the petition for removal. Helena Power Transmission Company v. Augustus N. Spratt et al. (C. C.) 146 Fed. 310. But where the action is one in tort against joint tort-feasors, and this appears to be such a suit, a petition for removal based upon denials of the allegations of the facts stated in the complaint does not justify the federal court in trying the merits of the petition, upon which rests the solution of the question of alleged fraudulent joinder. To try the merits of the petition now would certainly be to pass upon the essential facts of the controversy itself, and thus the federal court would, in effect, be determining a case which a jury may pass upon. This should not be done on petition to remand. There is not enough in the petition of the company and in the affidavit of defendant Wild, when considered with the complaint, to warrant the federal court in holding upon this motion that the defendants have been fraudulently or wrongfully joined for the purpose of preventing a removal to the federal court.

The case of Iowa Lillooet Gold M. Co. v. Bliss (C. C.) 144 Fed. 446, cited by defendants, is easily distinguishable, as the court there held that, on the face of the complaint, defendant's liability was several and distinct—that of one resting upon contract, that of another upon tort. Here all are apparently properly sued in tort. So, too, is Celia v. Brown (C. C. A.) 144 Fed. 742, to be distinguished, for the court expressly held that the question of separability was to be determined from the face of the complaint, and under that rule decided that no facts were stated which presented issuable matter, or upon which any relief could be administered. As already indicated, the complaint in this action is good.

It follows that, for the purpose of passing upon the question of removal, the present action must be deemed by this court to be joint; hence the motion to remand must prevail.